UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAMON TIMOTHY RASHAAD LARRY,

    Plaintiff,

v.   Case No. 3:22-cv-873-MMH-PDB

SCOTTI VAUGHAN, et al.,

    Defendants.

_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff, Damon Timothy Rashaad Larry, a former inmate of the Florida penal system, initiated this action by filing in the Tampa Division of the Court a pro se Civil Rights Complaint (Doc. 1), a supplement to the Complaint (Doc. 3), and motions for leave to proceed in forma pauperis (Docs. 2, 4, 11).[1] On August 11, 2022, the Honorable Charlene Edwards Honeywell, United States District Judge, transferred the case to this Court (Doc. 16).

    Prior to the transfer, Larry also filed a Motion to Amend (Doc. 8), an Amended Complaint (Doc. 10), and several miscellaneous motions, including a second motion to amend (Doc. 12); a request for copies of his motions (Doc. 13);

---

[1] The Florida Department of Corrections' website shows that the FDOC released Larry from custody on April 15, 2022. See Corrections Offender Network, Florida Department of Corrections, available at www.dc.state.fl.us (last visited Sept. 26, 2022).

a motion to recuse a judge assigned to an unrelated case (Doc. 14); and a "Motion for Relief from Judgment" (Doc. 15), in which he seems to advise that his second motion to amend was labeled incorrectly on the docket and requests an expedited award of punitive damages. The Court grants Larry's request to file the Amended Complaint (Doc. 8) and accepts the Amended Complaint (Doc. 10) as the operative complaint in this case.

In the Amended Complaint, Larry names ten Defendants: (1) Scotti Vaughn, Deputy Legislative Affairs Director; (2) Matthew Boone, Food Service Director; (3) Ricky Dixon, Secretary of the Florida Department of Corrections; (4) Crawford, Assistant Warden at Suwannee Correctional Institution (SCI); (5) Chris Lane, Warden of SCI; (6) Timothy Fitzgerald, Chief of Staff; (7) Ken Sumpter, Inspector General; (8) Centurion of Florida; (9) Debra Arrant, Deputy Inspector General; and (10) Melinda Miguel, Chief Inspector General. Doc. 10 at 1-2; Doc. 10-1 at 1.

Larry alleges:

> While on closed management status[,] [he] was confined to a cell 24 hours, 7 days a week at Suwannee Correctional Institution via Florida Department of Corrections[.] [Larry] was starved and rejected meals three days consecutively by "Officer D. Rosado" and "Sgt Duckwiler[.]" Furthermore[,] Grievance process was negligently reviewed. Administrative code show[]s deficiencies of gross negligence and intentional misconduct for meals. [Larry] also suffered retaliation of a[] []4 man assault (D. Rosado, Biledaeu, Duckwiler, Nurse Fernandez) in medical for the

2

>reported statement to headquarters' administration team. [Larry] was denied due process under the Fourteenth Amendment and subjected to cruel and unusual punishment of the Eighth Amendment (Centurion of Florida, LLC).

Doc. 10 at 4. Larry asserts that these events resulted in scarring and bruising to his right hand. Id. at 5. As relief, he requests $6,000,000 in punitive damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Likewise, a complaint must "contain either direct or inferential allegations respecting all

3

the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). And the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678. However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[2]

Larry's Amended Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983,

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983.

Here, Larry fails to allege sufficient facts to connect any Defendant to an alleged violation of his constitutional rights. If Larry is trying to hold Defendants liable based on the theory of respondeat superior, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Larry does not allege that Defendants personally participated in any unconstitutional conduct, the viability of his supervisory claims depend on whether he plausibly alleges a causal connection between Defendants' actions and the alleged constitutional deprivation.

Larry may establish the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference

that the supervisor directed the subordinates to act unlawfully or knew that the subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Larry does not allege facts establishing a causal connection. For instance, he does not allege a history of widespread abuse, nor does he allege that Defendants knew of a need to train their subordinates and failed to do so. Larry also does not allege that his injuries stemmed from an SCI custom or policy. Indeed, the only Defendant that Larry references in his factual allegations is Defendant Centurion, but he provides not facts connecting Centurion to a constitutional violation. Instead, he presents vague and conclusory allegations that other individuals who are not defendants in this action subjected him to unlawful conditions of confinement and excessive physical force. It also appears that the only Defendants who work at SCI are Defendants Crawford and Lane, as Larry lists Tallahassee addresses for the remaining Defendants.[3] Id. at 2-3; Doc. 10-1 at 1. But it is unclear how the Tallahassee Defendants participated in Larry's alleged constitutional violations. As such, Larry has failed to state a claim against Defendants. Thus, the Amended Complaint is due to be dismissed.

---

[3] The Court notes that Larry listed a Tallahassee address for Defendant Lane, Doc. 10-1 at 1; however, he alleges that Lane was the Warden at SCI, Doc. 10 at 4.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Larry's Motion to Amend (Doc. 8) is **GRANTED**.

2. The Amended Complaint (Doc. 10) and this case are **DISMISSED without prejudice**.

3. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of September, 2022.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-7
c:
Damon Timothy Rashaad Larry